UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

JENNY MERCADO,

                              Plaintiff,

                                                ORDER

   -against-

                                                04-CV-256 (JG) (KAM)

ONE BEACON INSURANCE GROUP, *et al.*,

                              Defendants.

------------------------------------------------------------ x

MATSUMOTO, United States Magistrate Judge**:**

      Pro se plaintiff Jenny Mercado has submitted to the Court a letter dated June 13, 2005 [Docket No. 103], seeking: (1) resolution of "pending discovery disputes"; (2) a court order directing third-party witness Olive DeWitt to produce subpoenaed documents; and (3) the Court's decision on her January 3, 2005 motion [Docket No. 56] to amend her complaint. The Court rules as follows:

      (1) With respect to Ms. Mercado's assertion that certain discovery disputes are still outstanding, a review of the Court's docket indicates that the responses of defendant One Beacon Insurance ("One Beacon" or "defendant") are sufficient and comply with this Court's previous orders, and that defendant's counsel is fully aware of his obligations to promptly produce any additional documents that respond to plaintiff's discovery requests and to supplement any previous responses. If Ms. Mercado believes that previously requested discovery has not been produced by defendant, Ms. Mercado may set forth in a single, concise letter to the Court (with copy to defendant's counsel) all remaining discovery issues on or before Monday, August 29, 2005. Defendant shall submit a substantive reply to Ms. Mercado's letter on or before Friday,

September 9, 2005. Based on the parties' submissions, the Court will schedule a telephone or an in-person status conference, in which the parties' remaining discovery disputes and a revised discovery schedule will be discussed.

(2) With respect to Ms. Mercado's assertion that subpoenaed documents remain in the possession of third-party witness Olive DeWitt, the Court will reserve decision on her motion after receiving Ms. DeWitt's response, due August 26, 2005, to the Court's order dated August 5, 2005.

(3) The Court denies Ms. Mercado's motion to amend her complaint to include the following allegation: "One Beacon Insurance systematically discriminates against minorities, specifically Blacks and Hispanics, in regards to promotions, salaries, awards, bonuses, harassing them and retaliating against them when they complain."

As noted in the Court's order dated February 28, 2005 [Docket No. 67], the first amended complaint already contains allegations similar or relating to plaintiff's proposed amending language. See Am. Compl. ¶¶ 37, 42, 43, 47, 49. "Although Rule 15(a) of the Federal Rules of Civil Procedure mandates that a court freely allow amendments to a complaint, where the 'additional allegations merely reiterate and embroider the claims . . . already presented in [the] original complaint, adding little, if anything, of substance to [the] case,' justice does not require that leave to amend be granted." Scottish Air Int'l, Inc. v. British Caledonian Group, PLC, 152 F.R.D. 18, 30-31 (S.D.N.Y. 1993) (quoting Coleman v. Ramada Hotel Operating Co., 933 F.2d 460, 473 (7th Cir. 1991)). See also O'Brien v. Price Waterhouse, 740 F. Supp. 276, 284 (S.D.N.Y. 1990) (declining to allow plaintiffs to file a third amended complaint, where the

proposed amendments consisted of "mere elaboration and increased verbiage concerning the same core allegations initially put forward.").

The Court also notes that plaintiff discussed the specific proposed allegation with her prior attorney, but the attorney refused her request to incorporate it into both the original complaint or the first amended complaint. See Letter from Jenny Mercado to Magistrate Judge Kiyo Matsumoto, dated Jan. 3, 2005 [Docket No. 56]. In addition, the Court has ordered fairly broad discovery to address the allegations in plaintiff's first amended complaint: information on employees who had security access to defendant's computer software; information on support staff who were offered transfers to other offices prior to an anticipated closure of plaintiff's office location; information on the race, ethnicity and gender of support staff employees hired, fired and disciplined at the office at which plaintiff was employed; information on salary histories (including raises) of all support staff employees at plaintiff's office location; information regarding bonuses and awards for plaintiff's office location; and support staff evaluation ratings by gender, race and ethnicity at plaintiff's office location. See Order dated March 21, 2005 [Docket No. 72].

Because the first amended complaint already alleges systemic discrimination towards minorities with regards to promotions, salaries, bonuses, harassment and retaliation, and the Court has ordered discovery related to these allegations, plaintiff's motion to amend, insofar as it duplicates existing allegations, is denied.

Any objections to this Order must be filed with District Judge Gleeson within ten days. Failure to object within ten days of the date of entry of this order will preclude appellate review by the District Court. See Fed. R. Civ. P. 72(a); see also Frank v. Johnson, 968 F.2d 298,

300 (2d Cir. 1989); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

Any request for an extension of time to file an objection should be addressed to Judge Gleeson.


Dated: Brooklyn, New York
August 22, 2005

SO ORDERED:

/s/
Kiyo A. Matsumoto
United States Magistrate Judge